UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

United States District Court
Eastern District of California

| | |
|---|---|
| JEAN CARLOS MICHEL RAMIREZ,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | Case No. 1:26-cv-04287 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Jean Carlos Michel Ramirez is detained at the California City Detention Facility pending the resolution of his removal proceedings. He seeks a writ of habeas corpus under 28 U.S.C. § 2241 ordering his immediate release. *See* Dkt. No. 1 at 7. For the reasons that follow, the Court finds that Petitioner is entitled to relief on his procedural due process claim. Because this claim affords Petitioner all the relief to which he is entitled—namely, release and a pre-deprivation hearing prior to re-detention—the Court need not and does not reach Petitioner's other remaining claims for relief.

## I. BACKGROUND

Petitioner is a native of Venezuela who entered the United States on December 18, 2022 on a B-2 visitor visa and was admitted through June 17, 2023. Dkt. No. 7-1 at 2. Following his entry, he was granted Temporary Protected Status by USCIS to December 21, 2023, which was terminated at an unknown date. *Id*. He did not depart from the United States upon the expiration of his authorized period of admission or termination of his protected status.

During his time living in the United States, Petitioner has worked as a handyman and has two children who live with him in the United States. Dkt. No. 1 at 7; Dkt. No. 10 at 1. He also

applied for asylum on July 5, 2023 and received a valid Florida state drivers license; during that process he submitted biometrics to USCIS, and Petitioner received work authorization. *Id*. at 1, 7–8; Dkt. No. 7-1 at 2. Notably, USCIS granted Petitioner's work authorization on January 4, 2024—i.e., after the expiration of Petitioner's visa—and that work authorization remains valid through December 31, 2028. Dkt. No. 10 at 1. Respondents did not seek to detain Petitioner after he overstayed his visa, upon cancellation of his temporary protected status, after he applied for asylum, or after he was granted work authorization by USCIS.

Petitioner was detained by U.S. Immigrations and Customs Enforcement ("ICE") on March 25, 2026. Dkt. No. 7-1 at 2. Following his arrest, he had a bond hearing before an Immigration Judge, who denied bond finding that Petitioner was a danger to the community due to pending charges in Venezuela for "crimes associated with corruption and organized crime" and "illicit trafficking of weapon of war and terrorism." Dkt. No. 7-2 at 1. Petitioner maintains that these charges "are part of a well-documented pattern employed by the Venezuelan dictatorship to persecute, prosecute and imprison individuals who oppose the government or hold dissenting political views." Dkt. No. 10 at 1. Indeed, he contends that he fled Venezuela because he had been kidnapped by Venezuelan security agencies and subjected to physical and psychological torture based on his political beliefs. *Id*. He has no criminal history in the United States.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a

United States District Court
Eastern District of California

district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents oppose constitutional relief on two grounds. First, they argue that the petition should be denied for failure to exhaust administrative remedies because Petitioner did not appeal his bond determination to the Board of Immigration Appeals. Dkt. No. 7 at 2–3. Second, they contend that Petitioner is lawfully detained under § 1226(a) and has been provided with sufficient process. *Id.* at 3–4. Third, they argue that the Court lacks jurisdiction to review Petitioner's claim. *Id.* at 4. The court addresses exhaustion and jurisdiction first before turning to the merits of Petitioner's due process claim.

### A. Exhaustion

Before a district court reaches the merits of a habeas petition challenging immigration detention, it ordinarily considers whether the petitioner has exhausted available administrative remedies. *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds, Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Exhaustion of administrative remedies may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (cleaned up). As the exhaustion requirement is prudential rather than jurisdictional, the court may use its discretion to excuse exhaustion in situations where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (cleaned up).

Respondents argue that the petition should be denied based on Petitioner's failure to appeal his bond hearing determination to the BIA before seeking habeas relief. Petitioner's central claim,

however, "is that his detention has unconstitutionally deprived him of his right to due process from the outset." *Norberto v. Warden, Central Valley Annex*, No. 1:26-CV-04674-MWJS, 2026 WL 1992747, at *3 (E.D. Cal. July 9, 2026). That is the sort of constitutional challenge that is "beyond the competence of the [agency] to decide," *Zamorano v. Garland*, 2 F.4th 1213, 1224 (9th Cir. 2021) (cleaned up), and so the prudential exhaustion requirement does not bar review. *See Hernandez v. Sessions*, 872 F.3d 976, 988-89 (9th Cir. 2017). "[A]dministrative exhaustion would not cure the due process violation that [P]etitioner experienced when he was detained without notice or an individualized assessment." *Leon Yero v. U.S. Gen. Att'y*, No. 1:26-CV-04312, 2026 WL 1707102, at *3 (E.D. Cal. June 12, 2026); *see also Juarez Barrientos v. Moss*, No. 1:26-CV-05943-NW, 2026 WL 2283034 (E.D. Cal. Aug. 7, 2026) (waiving exhaustion requirement where "[a] post-hoc bond hearing where the Immigration Judge would only consider Petitioner's potential flight risk or danger to the community would not cure the harm alleged here").

Accordingly, the Court waives the exhaustion requirement.

**B. Jurisdiction**

Respondents further allege that Petitioner's claim is "explicitly barred by 8 U.S.C. § 1252(g)." Dkt. No. 7 at 4. The Court disagrees. Section 1252(g) of the Immigration and Nationality Act ("INA") provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g) (authority has been delegated from the Attorney General to the Secretary of Homeland Security). Here, Plaintiff's claims do not arise from the Government's discretionary decision to commence removal proceedings. Rather, he brings a constitutional challenge to his continued detention during the pendency of those proceedings. "While broad, the language of these sections was 'not intended to preclude habeas review over challenges to detention that are independent of challenges to removal orders,' and the Court finds they do not bar review here." *Ortega v. Kaiser et al.*, No. 25-CV-05259-JST, 2025 WL 2243616, at *4 (N.D.

Cal. Aug. 6, 2025) (*quoting Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011)).

**C. Due Process**

The Court next turns to Petitioner's due process claim. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

**1. Liberty Interest**

Judges throughout the Ninth Circuit have repeatedly held, on facts materially similar to these, "that a noncitizen who has lived at liberty for an extended duration while his immigration case proceeds—pursuant to the Government's affirmative decision not to detain him—holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process." *Norberto*, 2026 WL 1992747, at *4 (E.D. Cal. July 9, 2026); *see also De La Garza v. Albarran*, No. 25-CV-10305, 2025 WL 3485157, at *4 (N.D. Cal. Dec. 4, 2025) (finding liberty interest where non-citizen had previously applied for legal permanent residence and completed biometrics processing, but was detained at an ICE check-in the following year); *Villanueva-Montanez v. Lyons*, No. 2:26-CV-00954, 2026 WL 797930, at *1 (E.D. Cal. Mar. 23, 2026) (finding that when a noncitizen "enter[s] the United States lawfully" and later seeks lawful immigration status, but is not detained thereafter, it vests the same liberty interest as a prior detention and release); *Anderson v. Chernut*, No. 1:26-CV-01960, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026) (explaining that "the government's knowing decision not to detain an individual creates a liberty interest in their continued release"); *Kharitonova v. Albarran*, No. 3:26-CV-01362, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (finding that "the government's decision not to detain Petitioner when it processed her [immigration] application, took her biometrics, … and advised her to appear" for appointments connected with her application gave rise to a liberty interest); *Abdeltawab v. Armant*, No. EDCV 26-01520, 2026 WL

1045564, at *2 (C.D. Cal. Apr. 13, 2026) (finding a liberty interest for petitioners who "have never been in immigration custody in the first place due to years of deliberate acquiescence by [the government]").

The court finds that reasoning applicable here. Petitioner was expressly authorized to remain in the United States through the expiration of his visa and temporary protected status. Following that authorization, he continued to pursue his asylum claim with USCIS and was granted work authorization by immigration authorities. In other words, although his initial permission to enter the United States expired, Petitioner continued to engage in the immigration process after that point, and was expressly authorized to work in the United States through 2028. By acquiescing to his continued presence in the United States, the Government vested in Petitioner a liberty interest in his continued freedom. *See Villanueva-Montanez*, 2026 WL 797930, at *1; *Anderson v. Chernut*, 2026 WL 809990, at *2; *see also Abdeltawab v. Armant*, No. EDCV 26-01520, 2026 WL 1045564, at *2 (C.D. Cal. Apr. 13, 2026).

Further, the fact that § 1226(a) authorizes detention during removal proceedings does not defeat Petitioner's due process claim here. Though Respondents argue that they have authorization to detain Petitioner under § 1226(a), "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). And "the fact that a decision-making process involves discretion does not prevent an individual from having a protectable liberty interest." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019). As Petitioner was permitted to live at liberty for the last several years, he was entitled to process prior to the deprivation of his freedom.

**a. *Mathews* Factors**

Having found a protected liberty interest, Petitioner was entitled to process commensurate with that interest. Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official

action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Each factor favors Petitioner here. His interest in freedom from physical detention is weighty. *Zadvydas*, 533 U.S. at 690. The risk of erroneous deprivation from seizing an asylum applicant who previously had been granted temporary protected status by USCIS without any prior opportunity to be heard, is substantial, and the value of a pre-deprivation hearing in reducing that risk is correspondingly high. In contrast, the Government's interest is minimal: it has identified no reason a custody hearing could not have preceded, rather than followed, Petitioner's detention, and a pre-deprivation hearing imposes only the ordinary administrative burden of a proceeding the Government must ultimately conduct under § 1226(a). *See, e.g., E.E.O.H. v. Noem*, No. 1:26-CV-01266, 2026 WL 850363, at *5 (E.D. Cal. Mar. 26, 2026). Indeed, Respondents offer no specific reason to conclude that post-deprivation process would suffice to cure the constitutional violation in this case. Accordingly, the Court concludes that due process requires that Petitioner be released.

## IV. CONCLUSION AND ORDER

For the reasons stated above, the petition for writ of habeas corpus is GRANTED as to Petitioner's procedural due process claim. The Court ORDERS Respondents to immediately release Petitioner from their custody. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining

Petitioner before pre-deprivation process can be provided.

**IT IS SO ORDERED.**

Dated: August 19, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Eastern District of California